### Pool v. Paul *et al.*

*Appeal from Des Moines District Court — Thursday, July 2.*

ESTOPPEL : FORMER ADJUDICATION : INJUNCTION.

Plaintiff brought suit in attachment against J. F. Paul, and served process of garnishment upon the Burlington branch of the State Bank of Iowa. An injunction was allowed restraining said bank from paying certain moneys on deposit in her name to Caroline Paul, on the grounds, as shown in the application therefor, that the money was in

fact deposited by defendant, J. F. Paul, her husband, and was his own, and that she had no interest therein. To these proceedings, said C. Paul made herself a party by intervening, and answered thereto, setting up that the money deposited in the bank was her property in her own right, the proceeds of land held and owned by her before her marriage, etc. In the progress of the proceedings an interlocutory order was made allowing the bank to pay the money to C. Paul upon the execution of a bond by her in an amount named, with securities to be approved by the clerk, conditioned to pay plaintiff the money "should the court, upon the final determination of the cause, determine and find the said money to be that of J. F. Paul, and not that of C. Paul." A bond in accordance with this order was executed and filed with B. N. Long, defendant herein, as surety, the condition of which is as follows:

"Conditioned, that, whereas, said R. D. Pool has enjoined said bank from paying out any money in their possession belonging to C. Paul. Now, if said Paul shall pay to said R. D. Pool the amount of money now held by said bank, should the court, upon the final determination of this cause, determine and find the said money to be that of J. F. Paul, and not that of C. Paul, within twenty days after such determination, then this bond to be void, etc."

Judgment was finally rendered in the suit for plaintiff, Pool, against defendant, J. F. Paul, and affirmed by a final decree; the money deposited in the bank and paid C. Paul under said order of the court, was found and adjudged to be the property of J. F. Paul, and a proper decree accordingly rendered, which also directed her to pay the money to plaintiff.

This suit is brought upon said bond against B. N. Long, and judgment rendered against him. He appeals to this court.

C. Paul and another obligor of the bond were made parties to the suit, but, no service being had upon or appearance made for them, the cause as to them was continued.

*J. C. & B. J. Hall* for the appellants — *Tracy & Newman* for the appellee.

BECK, J. — I. The defendant, Long, among other defenses, sets up, in his answer, that the money in controversy was, in fact, the money of C. Paul, and not the money of J. F. Paul; a demurrer to this allegation was sustained. The ruling of the court upon this demurrer is assigned for error.

The petition properly pleads the conditions of the bond, and the breaches thereof, averring the adjudication of the question of ownership of the money, and that it was thereby found and determined to be the money of C. Paul. By the conditions of the bond, defendant's liability was to depend upon the adjudication of the court, and such

adjudication, so far as any action upon the bond is concerned, is final. The defendant could not, therefore, show that the money was not the property of C. Paul. It is argued that the demurrer pleads an estoppel by record.

The estoppel is pleaded in the petition in averring the adjudication of the ownership of the money which, by the terms of the bond determined defendant's liability. Defendant's answer denies the fact which he is estopped to deny, and was, therefore, properly demurrable.

II. It is contended that the judgment in the case whereon the order was made upon which the bond was taken was improperly admitted in evidence. One ground of objection seems to be, that there was no separate equitable suit wherein the injunction was issued, but, on the contrary, the papers in that proceeding were filed with the attachment papers. In reply it may be justly said, that, as it is not pretended that the papers and records admitted in evidence were not those of the proceedings wherein the bond was taken (not being objected to for that reason, the objection being general for incompetency) the defendant cannot object to them regularly in this proceeding. If they were sufficient to give life to the bond, to call it into existence, they were sufficient to sustain it for the purposes requiring its execution.

III. It is lastly asserted that the judgment should have been for nominal damages only. The arguments of counsel, as we understand them, upon the proposition, are these: The bond recites that the bank is enjoined; therefore the bond contemplates an injunction suit; but there was, in fact, no injunction suit pending, and no other could determine defendant's liability on the bond. If this be true, it seems to us that defendant would not even be liable for nominal damages.

But the defendant bound himself to pay a sum of money in case the court determined it belonged to J. F. Paul and not C. Paul; the court has so determined, and that determination is all that is necessary to fix defendant's liability upon the instrument.

The counsel argue, that if the court had stopped inquiry at that point, no right of Pool to the money would have appeared, and asks, how can he be damaged by not receiving the money of another? If further inquiry be necessary the answer to the question is found in the proceedings wherein the bond was filed.

For the purposes of those proceedings it was executed; it became, in fact, a part of the record thereof, and must be read and understood in connection with them. Of all this defendant must be presumed to have had notice.

It cannot be claimed that the irregularities in the proceeding avoid them. If not void, but erroneous only, they are sufficient for all purposes for which they were had.

Affirmed.